```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| OASIS MEDICAL, INC., | |
| Plaintiff, | 23-MC-206 (ALC) (BCM) |
| -against- | **ORDER REGARDING SEALING** |
| I-MED PHARMA USA INC., I-MED PHARMA INC., and ILAN HOFMANN, | |
| Defendants. | |

**BARBARA MOSES, United States Magistrate Judge.**

Pursuant to the Order Regarding Sealing Motions dated September 1, 2023 (Dkt. 61), the parties submitted, by email, a letter dated September 8, 2023 (Sept. 8 Ltr.) confirming that there is no need to redact any portion of the Court's Memorandum and Order, also dated September 1, 2023. (Dkt. 62.) The Court will therefore unseal the Memorandum and Order.

However, the parties jointly urge the Court to keep certain portions of their underlying motion papers under seal. Specifically, they seek to keep two categories of information nonpublic: (1) the financial terms of the settlement agreement between Wes Domareki and Ilan Hofmann and (2) Hofmann's deposition testimony discussing royalty amounts paid to Biocia. *See* Sept. 8 Ltr. at 1. The parties argue that neither category of information was relied on by the Court in resolving their discovery motions, and that the royalty information has been maintained in confidence and is "competitively sensitive." *Id.* at 2. The parties therefore request that the documents at Dkts. 11, 12-2, 12-6, and 32 remain under seal and that only redacted versions of the documents at Dkts. 12-2 and 12-6 (which they attach to the September 8 Letter) be made available to the public. "Other than [those] two specific categories of information," "the parties agree that the remainder of the documents filed under seal may be unsealed." *Id.*

To the extent the parties argue that no presumption of public access attaches to the financial terms of the settlement agreement because that information was not "used by the Court in performing its judicial function," Sept. 8 Ltr. at 2, the Court disagrees. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (rejecting suggestion that "different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving the motion"); *United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006) ("Most recently in the *Lugosch* case, the Court of Appeals made clear that the weight of the presumption is not affected by the fact that the Court may not have relied upon the document submitted or found the document useful."). The Court agrees with the parties, however, that there are "countervailing factors," *Lugosch*, 435 F.3d at 113, 120, 124, that justify the continued sealing of the two narrow categories of information that they identify, including (in the case of the settlement terms) the privacy interests of Domareki, who is a non-party in the underlying California Action, and (in the case of the royalty information) the competitively sensitive nature of that information. Consequently, the documents at Dkts. 11, 12-2, 12-6, and 32 will remain under seal. No later than **September 28, 2023**, Oasis shall file the September 8 Letter, with the redacted versions of Dkt. 12-2 and 12-6 as attachments, on the public docket.

However, sealing orders must be narrowly tailored to serve the purpose that requires the sealing. *See Lugosch*, 435 F.3d at 119-20. The document now at Dkt. 13, which is the publicly-filed version of Dkt. 11, is over-redacted, in that it redacts information outside of the two categories identified by the parties. The same is the case for the document now at Dkt. 33, which is the publicly-filed version of Dkt. 32. Consequently, no later than **October 5, 2023**, Oasis shall also file a revised version of Dkts. 13 and 32 on the public docket, redacted only to the extent necessary to protect (1) the financial terms of the settlement agreement between Domareki and Hofmann and (2) Hofmann's deposition testimony discussing royalty amounts paid to Biocia.

The Clerk of Court is respectfully directed modify the viewing level for the Court's Memorandum and Order (Dkt. 62) to the "public" viewing level. The Clerk of Court is further respectfully directed to modify the viewing level for the documents at Dkts. 12-8, 12-14, 12-15, 12-16, 12-20, 12-21, 43, and 58 to the "public" viewing level.

The Clerk of Court is further respectfully directed to close the motions at Dkts. 10, 31, 42, and 57.

Dated: New York, New York
September 21, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**